FILED
SUPERIOR COURT
OF GUAM

2021 JUN -8 PM 1: 50

CLERK OF COURT

By:_____ 8m _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PERSONAL FINANCE CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>LEOPOLDO P. SOLIS,<br><br>Defendant. | Superior Court Case No. <u>CV1074-20</u><br><br>**DECISION AND ORDER RE MOTION<br>FOR SUMMARY JUDGMENT** |

The Court here considers Plaintiff Personal Finance Center's ("PFC") Motion for Summary Judgment on its claims against Defendant Leopoldo P. Solis. PFC alleges that Solis failed to make payments on a promissory note (the "Note") executed by him. PFC seeks summary judgment on its claims that Solis is liable for the Note's principal balance, $5,617.42; accrued interest and additional interest at the rate of 22% per annum; and reasonable attorney's fees not to exceed 15% of the unpaid balance. After holding oral argument, reviewing the record and relevant law, the Court GRANTS the Motion for Summary Judgment.

## I.  UNDISPUTED FACTS

It is undisputed that Solis executed the Note with PFC. Decl. in Support of Mot. Summary J. ("Decl.") ¶ 5 (Mar. 15, 2021); Def.'s Answer ¶ 2 (Mar. 4, 2021). Solis admits that he failed to make the required payments on the Note. Def.'s Answer ¶ 3. Moreover, Solis offers no alternative calculations on the principal balance of $5,617.42.

## II.    LAW AND DISCUSSION

Under Guam Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then Rule 56(c) requires entry of summary judgment. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9; *see also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994). The contractual language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (quoting 18 GCA § 87102).

Under the Note, Solis promised to pay PFC the principal balance, together with interest on the unpaid principal balance calculated using an interest rate of 22% per annum until paid in full. Decl., Ex. A. The Note also provides that PFC may accelerate the Note requiring all accrued unpaid interest immediately due if Solis defaults. *Id.* Furthermore, upon default Solis is liable for additional interest calculated at a 22% interest rate on the total sum due. *Id.* Finally, Solis agreed to pay reasonable attorney's fees accrued in collecting any unpaid balance, not to exceed fifteen percent (15%) of the unpaid debt after default. *Id.*

Solis admits that he executed the Note and then failed to make the required payments on the Note. Def's Answer ¶¶ 2-3. Under the terms of the Note, he is in default and PFC is permitted to demand the immediate full payment of the unpaid principal balance and all accrued unpaid interest. Furthermore, Solis is liable for additional interest and reasonable attorney fees.

As to the principal balance owed, PFC submits the declaration of Elizabeth P. Lizama, the Vice President/Collections Manager for PFC. Lizama states that, as of March 8, 2020, Solis owes PFC the principal balance of $5,617.42. Decl. ¶ 6. Solis claims that he lacks sufficient knowledge as to the $5,617.42 principal balance alleged. However, Solis provides no evidence disputing the principle balance owed or challenging the calculations. Accordingly, the Court finds no issue of material fact as to Solis' obligation to pay the principal balance of $5,617.42.

As to the accrued interest owed, PFC provides a calculation of interest that has accrued up to March 8, 2021--$1,723.40. It claims that interest at the rate of 22% continues to accrue until the date of Judgment. Solis does not counter these calculations or arguments. The Court therefore finds that there is no genuine issue of material fact as to the amount of interest owed up to March 8, 2021, and that interest has continued to accrue.

Finally, as to Solis' liability for reasonable attorney's fees, the Note requires that attorney's fees must not exceed 15% of the total unpaid debt. At the hearing on the Motion, Attorney Duncan McCully represented that his law firm does not bill an hourly rate but instead has an agreement with PFC to receive as attorney's fees 33% of all amounts recovered under the Note. He also capped the attorney's fees sought under the Motion at 15% of the total amounts owing as of March 8, 2021, which is $1,101.12. Again, Solis offers no counterpoint to this argument or calculation. Accordingly, summary judgment is appropriate on the request for attorney's fees in the amount of $1,101.12.

## III.    CONCLUSION

In summary, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Plaintiff's claim for the unpaid balance of $5,617.42; accrued interest in the amount of $1,723.40, plus additional interest at the rate of 22% per annum from March 8, 2021, until the date of Judgment; and $1,101.12 in attorney's fees.

SO ORDERED this 8th day of June 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Mark S. Beggs, Esq., The Law Offices of Duncan G. McCully, P.C., for Personal Finance Center
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., for Leonard P. Solis